MARTIN KANE & KUPER
Attorneys at Law
180 Tices Lane
Building B, Suite 200
East Brunswick, NJ 08816
732-214-1800
732-214-0307 (Fax)
Attorneys for Plaintiff

| | |
|---|---|
| LAWRENCE T. QUIRK,<br><br>Plaintiff,<br><br>vs.<br><br>THE CARIBBEAN REAL ESTATE OPPORTUNITY FUND 2005, LP; CF NORMANDIE, LLC, d/b/a NORMANDIE HOTEL; ABC CORP. #1-99 (said names being fictitious); XYZ PARTNERSHIPS #1-99 (said names being fictitious) and JOHN DOES #1-99 (said names being fictitious),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Civil Action No. 10-2215(SDW-MCA)<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, Lawrence T. Quirk, by way of Complaint against the defendants, says:

### THE PARTIES

1. Plaintiff, Lawrence T. Quirk, resides at 967 Madison Avenue, Plainfield, New Jersey.

2. Defendant, The Caribbean Real Estate Opportunity Fund 2005, LP, is a fund operated by Caribbean Property Group (CPG), with its principal place of business at 1114 Avenue of the Americas, New York, NY.

1

3. Defendant, CF Normandie, LLC, d/b/a Normandie Hotel, is a hotel located on Ponce de Leon Avenue and San Geronimo Street, San Juan, Puerto Rico.

4. Defendants, ABC Corp. #1-99 are currently fictitious entities whose identities are unknown to plaintiff, whose actions may have caused or contributed to the subject accident.

5. Defendants, John Does #1-99 are currently fictitious individuals, whose actions may have caused or contributed to the subject accident.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332(a), as the matter involves citizens of a different state and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim occurred in this District.

**FIRST COUNT**

8. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 7 and make them a part hereof as if more fully set forth herein.

9. On or about May 4, 2008, the plaintiff was a guest, patron and/or business invitee on premises owned, operated, controlled, managed, maintained and/or supervised by the defendants, the Caribbean Real Estate Opportunity Fund 2005, LP;

CF Normandie, LLC, d/b/a Normandie Hotel; ABC Corp. #1-99 (said names being fictitious); XYZ Partnerships #1-99 (said names being fictitious); and John Does #1-99 (said names being fictitious), which premises were commonly known and referred to as the Normandie Hotel, San Juan, Puerto Rico.

10. At all times pertinent herein, the defendants, individually, or, alternatively, jointly and/or severally, were responsible for the operation, maintenance, and/or supervision of the premises, to insure that said premises would be in a safe, reasonable and non-hazardous condition for guests, patrons and/or business invitees, including the plaintiff.

11. Upon information and belief, all defendants maintain minimum contacts with the State of New Jersey, in that defendants have and continue to avail themselves of the economic opportunities and benefits to be derived from the residents of said state by advertising, soliciting, marketing, and otherwise transacting, conducting and/or participating in such activities related to their business within said state.

12. At the time and place aforesaid, the defendants so negligently and/or carelessly maintained, operated, controlled and/or supervised said premises, or, alternatively, so negligently and/or carelessly failed to reasonably and properly maintain, operate, control and/or supervise said premises so as to cause, allow and/or permit the premises, including the patio deck near the pool, to be in a dangerous and hazardous condition and to constitute a slip, trip and/or fall hazard.

3

13. As a direct and proximate result of the negligence and/or carelessness of all defendants as aforesaid, the plaintiff was caused to slip and fall and to suffer serious personal injuries.

WHEREFORE, the plaintiff, Lawrence T. Quirk, demands judgment against the defendants, jointly, severally or, in the alternative, for damages, together with counsel fees, interest and costs of suit.

### JURY DEMAND

Please take notice that plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Please note that JOHN J. KANE, ESQ. is hereby designated as trial counsel for plaintiff in this matter.

### CERTIFICATION

I hereby certify that the subject matter of the within controversy does not form the basis of any other action presently pending in any Court or arbitration proceeding to the best of my knowledge, information and belief. I realize that if any of the foregoing statements are willfully false, I am subject to punishment.

MARTIN KANE KUPER
Attorneys for Plaintiff

DATED: July 21, 2010    By_____
                           JOHN J. KANE

4